UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                               :        **ORDER**
v.                                               :
                                               :        20 CR 517-2 (VB)
DORIAN BYRD,                       :        21 CR 441-2 (VB)
                Defendant.            :
--------------------------------------------------------------x

      Pending before the Court is defendant Dorian Byrd's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Part A of Amendment 821 to the Sentencing Guidelines. (Doc. #48). Amendment 821 took effect on November 1, 2023, and applies retroactively in this case.

      For the reasons set forth below, the motion is DENIED because Byrd is ineligible for a reduction of sentence.

      On January 3, 2022, Byrd was sentenced principally to a term of imprisonment of 132 months on his guilty plea to conspiracy to commit Hobbs Act robbery and Hobbs Act robbery (Counts One and Two, respectively, of Indictment 20 CR 517-2) (the "Hobbs Act counts")), and brandishing a firearm during and in relation to a crime of violence (Count Three of Indictment 21 CR 441-2) (the "firearms count")). Specifically, the Court imposed 48 months' imprisonment on the two Hobbs Act counts, to run concurrently with each other, and 84 months' imprisonment on the firearms count, to run consecutively to the sentence imposed on the Hobbs Act counts, for a total of 132 months' imprisonment.

      At the time of sentencing, the applicable guideline range on the Hobbs Act counts was 108-135 months' imprisonment, based on a final offense level of 29 and a criminal history category of III. Byrd had 4 criminal history points, including 2 "status points" for committing the offense while under probation supervision. The applicable guideline range on the firearms count was 84 months' imprisonment. Because the sentence on the firearms count had to run consecutively to the sentence imposed on the Hobbs Act counts, the effective guideline range was 192-219 months' imprisonment.

      Part A of Amendment 821 amended Guidelines Section 4A1.1 by eliminating the 2 status points a defendant receives for committing the offense while under a criminal justice sentence, such as probation, so long as the defendant otherwise has less than 7 criminal history points. As a result, Byrd now has 2 criminal history points and is in Criminal History Category II, such that his amended guideline range on the Hobbs Act counts is 97-121 months. Amendment 821 did not affect Byrd's guideline range on the firearms count, which, because that range is the statutory mandatory minimum, remains 84 months. Accordingly, the effective amended guideline range is now 181-205 months.

      The law does not permit the Court to reduce a defendant's term of imprisonment to a term less than the minimum of the amended guideline range. See 18 U.S.C. § 3582(c); U.S.S.G.

§ 1B1.10(b)(2)(A) and Application Note 3.[1] Here, because the term of imprisonment imposed (132 months) is below the minimum of the amended guideline range (181 months), Byrd is not eligible for a sentence reduction.

In his letter in response to the government's opposition to the motion, defense counsel agrees that Byrd is not eligible for a sentence reduction based on Amendment 821. However, counsel requests that the Court permit Byrd to file his own response in the event Byrd disagrees with counsel's analysis. That request is denied for the simple reason that defense counsel's conclusion that Byrd is not eligible for relief is unquestionably correct, and thus there is no need for any further briefing on the matter.

Accordingly, the motion for a reduction of sentence is DENIED.

Dated: February 16, 2024
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[1] An exception to this requirement exists when the original term of imprisonment was below the guideline range due to a government motion based on the defendant's substantial assistance to authorities. U.S.S.G. § 1B1.10(b)(2)(B). That exception is not applicable here.

2